IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWNTELL BEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-4202-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Shawntell Beal seeks judicial review,[1] of a final administrative decision denying her Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on January 28, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in June of 1980 and has a high school education. Plaintiff has no past relevant work. The Administrative Law Judge (ALJ) found that plaintiff had the severe impairments of: Brown-Sequard's syndrome; mild chondromalacia patella; mild obesity; traverse myelitis; fibromyalgia; polyathralgia; hypothyroidism; migraines; depression and anxiety. The ALJ found that these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). After review of the entire record, the ALJ found that plaintiff had the residual functional capacity (RFC) to: perform the exertional demand of sedentary work as defined in 20 C.F.R. § 416.967(a); sit about 6 hours in an 8-hour work day with normal breaks; stand and/or walk about 2 hours in an 8-hour work day with normal breaks; climb ramps and stairs occasionally; balance, stoop, kneel, crouch and crawl occasionally; and perform work which does not require climbing ladders, ropes, or scaffolds or concentrated exposure to vibrations. She can understand, remember, and carry out short, simple instructions, maintain attention and concentration for extended periods for simple tasks and is limited to low stress work. Based on

this RFC, and the testimony of a vocational expert, the ALJ determined that plaintiff would be able to perform the requirements of sedentary, unskilled work which exists in significant numbers in the national economy. The ALJ determined that plaintiff had not been under disability as defined in the Social Security Act since August 24, 2009, the date plaintiff's SSI application was filed.

The plaintiff argues the ALJ erred in the weight given to the medical opinions of record and that remand is necessary because portions of Dr. Anigbogu's testimony are inaudible. Plaintiff further argues the ALJ had an obligation to further develop the medical record regarding her fibromyalgia diagnosis.

The Commissioner argues the ALJ properly considered the medical opinion evidence and was proper in declining to give controlling weight to a treating physician's unsupported opinion. The Commissioner further argues the ALJ had no obligation to further develop the record, because nothing indicated the ALJ was unable to make an informed decision based on the evidence available. The Commissioner argues the ALJ's finding that plaintiff is not disabled is supported by substantial evidence and should be affirmed.

Upon review, this Court finds the ALJ's evaluation of the medical opinion evidence was proper. First, the ALJ did not err in discounting the opinion of Dr. Caywood. A treating physician's opinion is generally entitled to substantial weight, but it does not automatically control. Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Here the ALJ explained that Dr. Caywood's medical source statement was inconsistent with his own treatment notes, the record as whole, and inconsistent with other medical evidence. See Davidson v. Astrue, 501 F.3d 987, 990-91 (8th Cir. 2007) (stating an ALJ appropriately discounts a treating physician's opinion when it is inconsistent with the physician's clinical treatment notes); Heino v. Astrue, 578 F.3d 873, 879-80 (8th Cir. 2009) (stating the ALJ may reject the treating physician's opinion if it is inconsistent with the record as a whole, or other medical evaluations are "supported by better or more thorough medical evidence.").

Second, the ALJ did not err in the weight given to the opinions of Dr. Acosta-Rodriguez and Dr. Anigbogu. The substantial weight given to Dr. Acosta-Rodriguez was supported by a

3

Case 6:11-cv-04202-MJW   Document 12   Filed 02/04/13   Page 3 of 5

comprehensive examination and review of the records done by Dr. Acosta-Rodriguez.  The doctor accurately noted that plaintiff's alleged symptomology, and restrictions were not supported by objective findings.  The weight given to Dr. Anigbogu's assessment was also proper.  Dr. Anigbogu conducted a comprehensive review of the records.  His statement that Dr. Caywood had treated plaintiff conservatively and generally for only routine issues is consistent with the record, as is Dr. Anigbogu's noting that objective test results, such as plaintiff's MRI's and X-rays, were consistently normal.  The inaudible portions noted on the transcript of Dr. Anigbogu's testimony at the hearing do not prevent the ALJ or this Court from determining the doctor's findings.  The audible portions sufficiently support Dr. Anigbogu's opinions.  It is clear the doctor believed plaintiff was "able to do light work," and that "there is a lot of -- significant magnification" by the plaintiff as to her symptoms.  (TR. 46, 55-56).

There was no error by the ALJ as to development of the record regarding plaintiff's fibromyalgia.  The ALJ noted Dr. Caywood's diagnosis of fibromyalgia, but also noted Dr. Anigbogu's statement that there were no objective findings in the record to support Dr. Caywood's diagnosis of fibromyalgia.  The ALJ, nonetheless, gave plaintiff the benefit of the doubt and included the diagnosis as a severe impairment.  The ALJ further incorporated limitations arising from this and other impairments in the RFC by limiting plaintiff to low stress, sedentary work with additional limitations as set forth above.  The record does not support that the ALJ was unable to make an informed decision regarding plaintiff's fibromyalgia based on the evidence that was available.  See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (the duty to develop the record arises when a crucial issue is undeveloped and the evidence is not sufficient to allow the ALJ to form an opinion); Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) ("there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence.").  Moreover, the ALJ did further develop the record by relying on a consultative examination and calling a medical expert at the hearing.

**Conclusion**

For the reasons set forth above, this Court finds the ALJ's decision is supported by substantial evidence in the record.[2] Plaintiff is not disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 1st day of February, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.